UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

UNDRAY KNIGHTEN,

    Plaintiff,

    v.                                      CAUSE NO. 3:21-CV-64-JD-MGG

NANCY MARTHAKIS,

    Defendant.

OPINION AND ORDER

Undray Knighten, a prisoner without a lawyer, filed a complaint alleging that he is being provided constitutionally inadequate medical care at Indiana State Prison. ECF 1. He also seeks a preliminary injunction related to his medical care. ECF 3. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Because the complaint and the motion for preliminary injunction were filed at the same time, the court will read them together.

According to the complaint, Knighten suffers from chronic diarrhea after all of his rectum and most of his colon had been removed. ECF 1 at ¶ 6; ECF 3 at ¶ 6. He also has other lingering effects from past chemotherapy and radiation. ECF 1 at ¶ 6. He was

transferred to Indiana State Prison in August 2019 for medical reasons. *Id.* at ¶ 5. (The complaint says he was transferred in August 2018, but this appears to be an error because the rest of the complaint refers to events in 2019, and in August 2018 he was located in a different prison, as reflected in his filings in *Knighten v. Lantrip*, No. 2:18-cv-245-JPH-MJD (S.D. Ind. filed May 30, 2018).) On his first day at the new prison, he learned that Dr. Nancy Marthakis had cut in half the medication treating his diarrhea and discontinued the medication treating his gas without even seeing him. ECF 1 at 7.

Knighten alleges that after he submitted several health care forms, he saw Dr. Marthakis on August 27, 2019. ECF 1 at ¶¶ 7-8. He asked her why she changed his medication. *Id.* at ¶ 8. She answered because she could and because she does not give inmates medication three times a day for any reason. *Id.* Knighten tried to explain that he needed to take Imodium before every meal to slow down his diarrhea and that the other medications she changed caused constipation, which helped to counteract his diarrhea. *Id.* at ¶ 9. Dr. Marthakis was not receptive to his explanation and did not change her treatment plan. *Id.* at ¶ 10 She continued to decrease his medication over time. *Id.* at ¶ 11. Now, without a lunchtime dose of Imodium, Knighten has diarrhea all day if he eats between breakfast and dinner. *Id.* Knighten has lost weight, going from 210 pounds in August 2019 to 132 pounds in January 2021. *Id.* at ¶ 14; ECF 3-2 at ¶ 14. He now has no control over his bowel movements. ECF 1 at ¶ 16.

The Eighth Amendment prohibits a prison official's deliberate indifference to an inmate's serious medical need. *Machicote v. Roethlisberger*, 969 F.3d 822, 827 (7th Cir. 2020). For medical professionals to be held liable for deliberate indifference to an

inmate's medical needs, they must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). However,

> medical professionals are not required to provide *proper* medical treatment to prisoners, but rather they must provide medical treatment that reflects professional judgment, practice, or standards. There is not one *proper* way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field. The Constitution is not a medical code that mandates specific medical treatment.

*Id.* (quotation marks, citations, parenthesis, and brackets omitted; emphasis added). "[A] disagreement with medical professionals . . . does not state a cognizable Eighth Amendment claim . . .." *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003). Courts "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019) (quotation marks and citation omitted).

Knighten has stated a plausible claim against Dr. Marthakis under the Eighth Amendment that continuing to reduce his medication and not otherwise treating his deteriorating condition demonstrates an absence of professional judgment. Under the current treatment, he alleges he has lost more than 70 pounds and no longer has any control over his bowel movements. His worsening condition allows a reasonable inference that the current course of treatment is ineffective.

3

Knighten also filed a motion for a preliminary injunction seeking a colostomy bag for life and removal of several painful, untreated warts on his feet. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

> Additionally,
>
> [t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Therefore, injunctive relief—if granted—would be limited to requiring that Knighten be provided with constitutionally adequate medical care for his condition.

Knighten may proceed on a claim for injunctive relief to obtain medical care for his chronic diarrhea and warts on his feet that is consistent with the Eighth Amendment. The Indiana State Prison Warden has both the authority and the

responsibility to ensure that Knighten receive constitutionally adequate medical care as required by the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, the Warden will be added as a defendant, and Knighten will be allowed to proceed on an official capacity claim for permanent injunctive relief.

For these reasons, the court:

(1) DIRECTS the clerk to add the Indiana State Prison Warden as a defendant;

(2) GRANTS Undray Knighten leave to proceed against the Indiana State Prison Warden in an official capacity to obtain permanent injunctive relief for constitutionally adequate medical care for his chronic diarrhea and foot warts as required by the Eighth Amendment;

(3) GRANTS Undray Knighten leave to proceed against Dr. Nancy Marthakis in her individual capacity for compensatory and punitive damages for decreasing or discontinuing the medications treating his chronic diarrhea in violation of the Eighth Amendment;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk to request waiver of service from (and if necessary, the United States Marshals Service to serve process on) the Indiana State Prison Warden at the Indiana Department of Correction and Dr. Nancy Marthakis at Wexford of Indiana, LLC, with a copy of this order, the complaint (ECF 1), and the motion for preliminary injunction (ECF 3) pursuant to 28 U.S.C. § 1915(d);

(6) DIRECTS the clerk to fax or email a copy of the same documents to the Indiana State Prison Warden at the Indiana State Prison;

(7) ORDERS the Indiana Department of Correction and Wexford of Indiana, LLC, to provide the United States Marshals Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service if it has such information;

(8) DIRECTS the United States Marshals Service to serve process pursuant to 28 U.S.C. § 1915(d) on the Indiana State Prison Warden by **February 10, 2021**, if an entry of appearance has not been entered by **February 3, 2021**;

(9) ORDERS the Indiana State Prison Warden to file and serve a response to the preliminary injunction, as soon as possible but not later than **February 17, 2021**, with supporting medical documentation and declarations from other staff as necessary describing/explaining how Undray Knighten's chronic diarrhea and foot warts are being treated in a manner that comports with the Eighth Amendment's requirements; and

(10) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), the Indiana State Prison Warden and Dr. Nancy Marthakis to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on January 28, 2021

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT