UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNDRAY KNIGHTEN, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-64-JD |
| WARDEN, | |
| Defendant. | |

OPINION AND ORDER

Undray Knighten, a prisoner without a lawyer, is proceeding in this case "against the Indiana State Prison Warden in an official capacity to obtain permanent injunctive relief for constitutionally adequate medical care for his chronic diarrhea and foot warts as required by the Eighth Amendment[.]" ECF 5 at 5. On March 22, 2023, Warden Neal filed a motion for summary judgment. ECF 111. With the motion, Warden Neal provided Knighten the notice required by N.D. Ind. L.R. 56-1(a)(4). ECF 113. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. This court twice extended Knighten's deadline and set a new deadline of October 27, 2023. ECF 128, 134. This deadline passed

over a month ago, but Knighten still has not responded. Therefore the court will now rule on Warden Neal's summary judgment motion.

This court previously entered an order granting summary judgment in favor of Dr. Nancy Marthakis on Knighten's damages claim, but denying summary judgment on Knighten's injunctive relief claim. ECF 100. Specifically, this court concluded the undisputed facts showed Dr. Marthakis provided constitutionally adequate medical care for Knighten's chronic diarrhea because she provided "undisputed evidence that her decisions about Knighten's Loperamide dosage were an exercise of her professional judgment[.]" *Id.* at 8. However, the court did not grant summary judgment for Warden Neal on Knighten's injunctive relief claim because "the record contain[ed] evidence only that Knighten received constitutionally adequate medical treatment between 2020 and 2021, and contain[ed] no evidence regarding what treatment Knighten is currently receiving." *Id.* at 9. Because "the record contain[ed] no evidence regarding what treatment Knighten is currently receiving for his chronic diarrhea and foot warts," the court denied Warden Neal's motion for summary judgment with leave to file a new summary judgment motion. *Id.*

In his new summary judgment motion, Warden Neal provides Knighten's medical records from 2022 to the present date, which show the following facts:[1] From 2022 until the present date, Knighten has continued to receive Loperamide for his

---

[1] Because Knighten has not responded to Warden Neal's summary judgment motion, the court accepts the contents of Knighten's medical records as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

2

chronic diarrhea. ECF 111-1. On February 28, 2023, medical staff saw Knighten and discussed starting him on Banatrol, to which Knighten agreed. *Id.* at 269-72. On March 13, 2023, Knighten was seen by medical staff and it was noted he continued to take Loperamide and was awaiting the needed approvals for Banatrol. *Id.* at 279-82. Knighten's medical records do not indicate he has any recent or current complaints of foot warts. *See* ECF 111-1.

Here, because it is undisputed Knighten continues to take Loperamide for his chronic diarrhea, is currently awaiting approval for Banatrol, and has not had any complaints of foot warts, there is no evidence by which a factfinder could conclude Knighten is currently receiving constitutionally inadequate medical care for his chronic diarrhea or foot warts. Summary judgment is therefore warranted in favor of Warden Neal on Knighten's injunctive relief claim.

For these reasons, the court:

(1) GRANTS Warden Neal's motion for summary judgment (ECF 111); and

(2) DIRECTS the clerk to enter judgment in favor of Warden Neal and against Knighten and to close this case.

SO ORDERED on December 14, 2023

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT